# In The United States District Court
## For the Northern District of West Virginia
### WHEELING

Omel McLean,

      Plaintiff

    V.

United States of America,

      Defendant

FILED

DEC 2 9 2025

U.S. DISTRICT COURT- WVND
WHEELING, WV 26003

Civil Action No. : 5:25-CV-79

Judge Bailey

# AMENDED COMPLAINT

Comes now Omel McLean, Plaintiff, pro se, respectfully Filing his amended Complaint Pursuant to Rule 15(a)(2) Before the Honorable Court

# Legal Standard

Pro se litigants are held to a less stringent than if Complaint had been drafted by an attorney and the court must liberally construe the complaint Erickson v Pardus 551 U.S. 89, 94 127 S.Ct. 2197, 167 L.Ed 2d 1081 (2007)

Fed. R. Civ. P. 8(a)(2) A complaint must contain a "short plain statement of the claim showing that the pleader is entitled to relief" "Detailed factual Allegations" are not required Twombly, 550 US, at 555, 127 S.Ct 1955 167 L.Ed 2d 929. A claim has facial plausibility when the pleaded factual content Allows the court to draw the reasonable inference that the defendant is Liable for the misconduct alleged. Id at 556, 127 S.Ct 1955 167 LEd 2d 929

Claim 1. Plaintiff believe's due to the advance warning he gave to medical Staff, practioner's and Doctor's upon his arrival at FCI Hazelton on or about 3-10-22. Dealing with Plaintiff's medical condition's and expressing the care needed for his Severe Spinal Stenosis diagnosis, this included medication's, equipment and status. There failure to provide or prepare for any issues dealing with plaintiff medical condition of severe spinal Stenosis. The Medical Staff's inaction caused the failure to prevent or minimize the emergency when it occurred.

Supporting facts. Plaintiff gave medical staff medical Records that accompanied plaintiff from every facility from previous medical Staff due to his condition of Severe Spinal Stenosis. This record showed medication, equipment and treatment needed to follow.

Identify each federal employee. The names of the medical practitioners who first interview plaintiff and doctor are unknown when arrived at hazelton but are in his (plaintiff's) medical file. other medical practitioner who was aware of condition and informed by plaintiff are Doctor Adams medical practitioner Bird and Signs. All employed by the F.B.O.P

Claim 2. When plaintiff became debilitated on the floor in his cell on 9-4-22 about 7AM due to his severe spinal stenosis medical staff was alerted by correction officer on duty who was informed by cell mate and other inmates that plaintiff was on floor unable to move. After several attempts by C.O. on duty the medical Staff failed to come or provide any medical attencion as plaintiff remained on the floor in Severe pain. This caused the plaintiff to suffer undo stress and duress due to medical Staff inactions.

Supporting facts. The correctional officer name will be on the institutions logs, the notifying of medical Staff and Supervisor's of the C.O. should also be on institutional logs and incident reports including the inability to stand for Census Count. Plaintiff has inmate information who witnessed

<u>Identify each federal employee</u>. Medical staff on duty that day is unknown to plaintiff on 9-4-22 being that no one came but should be in institutional records. Also the C.O.'(s) on duty will be in the institutional records. All was employed by the F.B.O.P

<u>Claim 3</u>. On 9-5-22 through 9-7-22 plaintiff was still imobilized on floor when medical was requested by C.O. on duty and they did not respond or was not available. That caused the plaintiff to be put and remain in a position of vulnerability and unsafe environment plausibly subject to any kind of assult or attack, this along with plaintiff's inadequate use of restroom, access to shower and food that was not obtainable due to plaintiff's condition. This undue stress caused plaintiff to go through additional pain and suffering including unsanitary conditions due to inaction of F.B.O.P staff to put plaintiff in a secure location to address his safety and appropriate access to plaintiff's needs.

<u>Supporting facts</u>. All correctional officer's logs of who was contacted due to plaintiff situtation including the medical request and supervior's notification incident will be in institutions records.

<u>Identify each federal employee</u>. The name's of The medical staff and correctional officer's including any supervisor's are unknown, but the names will be in the institutions records of the F.B.O.P employed that day.

<u>Claim 4</u>. When medical staff arrived on 9-6-22 about 1:30 pm the two medical practitioner's did not treat plaintiff's situtation like a medical emergency or standard procedure to have plaintiff removed. Medical practrtioner did not examine or assess plaintiff named Bird and stated "I will not treat (him/you) while on the floor. So Bird had other inmates take plaintiff off floor and placed into chair than administered an injection into plaintiff's upper arm, immediately after plaintiff feel back onto floor unable to sit in chair any longer. When medical staff was leaving plaintiff asked "are you going to leave me like this" Medical practrtioner Bird stated "I will be back to check on you"

P94

Medical practitioner Bird did not return or anyone else from Health Services to check on me or my condition. This delay and or inaction including incorrectly treating Plaintiff's condition. This caused the further deterioration of the plaintiff's injuries by the medical staff.

Supporting facts. Medical records from institution will show medical practitioner Bird gave injection including date, time and records of type of injection. Also name of accompaning medical practitioner. plaintiff has information of inmate witnesses. Identify each federal employee. Medical practitioner Bird and unknown name of medical practitioner who's information is in institutions records. All are employed by F.B.O.P

Claim 5. When plaintiff's unit Counselor returned to work on 9-7-22 7am - 8am he stated "this inmate (the plaintiff) is still on the floor, not on my watch get medical over here" this was told to C.O. on duty. Due to the Unit Counselor's statement and act of urgency in not wanting to be held responsible for medical (Health Services) and or institution inaction in assisting plaintiff. When medical arrived they did not bring proper equipment or staff to move plaintiff with a gerney instead of wheelchair and enough staff to assist only one nurse none of which is proper medical procedure. Staff had inmates pick up plaintiff and carried down steps across unit to door and then put into wheelchair and medical practitioner rice wheeled plaintiff to Health Services. Due to health services failure to follow procedure in attending to plaintiff and transporting plaintiff caused additional pain and suffering along with the plausability of further injury Due to medical staff's negligence.

Supporting facts. The name of unit Counselor Mossenburger and C.O. on duty name unknown is in institutions record. Medical Practitioner Rice was sent alone to transport and Should be part of record date and time.

Identify each federal employee. Unit Counselor mossenburger medical practitioner Rice and C.O. on duty name unknown. All are employed by F.B.O.P

<u>Claim 6</u>. When plaintiff arrived at health Services at 9-7-22 around 10 AM plaintiff fell out of wheelchair once inside no longer able to sit due to unbearable pain. plaintiff was not taken to Doctor right away but was made to wait. A medical practitioner stated i could not be or remain on floor, plaintiff explained unable to move and in pain. The medical practitioner with another lifted inmate back in wheelchair and left. Medical practitioner Sapp Seen plaintiff writhing in pain and brought plaintiff water and plaintiff explained can not sit any longer. Plaintiff was then wheeled to doctor's office where plaintiff fell onto the floor. Doctor Adams stated "leave him there I will take it from here". Doctor Adams took plaintiff's vitals and asked questions about plaintiff's condition. Once plaintiff explained what was wrong while still on floor, Doctor Adams **did Not** Seek outside medical care (Hospital) or to treat plaintiff's condition, which would have been standard medical procedure. When Doctor Adams was done with plaintiff, plaintiff question Doctor if he was not going to do anything or give plaintiff Something for the extreme pain. Doctor Adams stated he could not give me anything and plaintiff was sent back to Unit. Due to Doctor Adams lack of treatment that placed plaintiff Condition at futher risk of deterioration and perpetuates plaintiff's excruciating pain and plausability of permanent disability.

<u>Supporting facts</u>. Medical records are available from institution of time and dates of plaintiff visit to Health Services and any form of treatment or lack thereof. Identify each federal employee. medical practitioner Rice, medical practitioner Sapp and Doctor Adams Including other medical practitioner that names are unknown. All employed by the F.B.O.P

<u>Claim 7</u>. On 9-7-22 after plaintiff's health service Visit, plaintiff was not transported back to Unit Correctly. Plaintiff was put back in wheelchair and left outside of medical as staff (medical) left plaintiff and went to lunch. This was not standard

medical procedure that was followed. Another inmate seen plaintiff was sitting unable to move and assisted plaintiff back to unit. Upon return to unit plaintiff cell was moved and not to make plaintiff condition worse of swelling and numbness, plaintiff placed (squeezed) himself imbetween a locker and wall forcing his body in a position so as not to be on knees while on floor to prevent further swelling of legs. Plaintiff remained like this for over a week until condition started to subside. This lack of treatment by Doctor Adams and other medical practioner including the housing of the plaintiff by Correctional Staff and Supervisors caused the continued pain and suffering along with a unsafe living environment.

Supporting facts. The changing of plaintiff cell after medical visit and unit manager is in the institutions records. The medical records showing not other treatment or follow up given is on file.

Identify each federal employee. Doctor Adams, and unknown medical practitioners, Correctional officer on duty name unknown, unit Counselor mossenburger and any supervisor that was informed. All are employed by the F.B.O.P

Claim 8. The traumatic events that took place from 9-4-22 through 9-15-22 and continued after, of the lack of care inaction and delay in treatment perpetutated against the plaintiff, due to health services department at FCI Hazelton and the Correctional Staff at FCI Hazelton of reckless disregard of plaintiff's well being. This caused the plaintiff to suffer from mental stress, anguish and duress due to what happened and the plausability that it can happen again.

Supporting facts. Medical records on file at FCI Hazelton has all information relative to facts

Identify each federal employee. All unknown C.O.'s and supervisor's including unknown medical practitioner's names and information are on file along with doctor Adams

Medical practitioner Bird, Rice, Sapp and Unit Counselor Mossenbuger. All employed by F.B.O.P

Injury: Plaintiff now has a permanent and partial paralysis which consist of permanent numbness in his Left hand and partially in Legs and arms, PVD, Nerve damage, issues standing sitting down and walking which Causes plaintiff to must use a walker along with constant pain that the plaintiff has to now live with daily and has Changed plaintiff's way of Life.

Relief: I would Like changes to be made on how medical assestment and emergency situtation are handle towards inmates going forward and accountability for what happened to me so it won't happen to others by updating policey including inmates safety. I want Compensatory damages of $500,000.00 and punitive damages of $370,000.00

## Conclusion

Omel McLean, plaintiff, pro se hopes this Honorable Court grants this amended complaint in favor of the plaintiff

Date 12-17-25

Respectfully Submitted

Omel McLean

# Certificate of Service

I Omel McLean, pro se certify on 12-17-25 that I mailed a true copy of plaintiff's amended complaint in the institutions legal mail system

Plaintiff also request clerk of court to send copies to defendants Attorney and any other parties that need. Thank you.

Dated  12-17-25

Respectfully Submitted

Omel McLean